UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jianfeng DING,<br><br>       Plaintiff,<br><br>– against –<br><br>Alejandro N. MAYORKAS, Secretary of the U.S. Department of Homeland Security;<br>Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services;<br>Gregory A. Richardson, Director of the Texas Service Center of U.S. Citizenship and Immigration Services; and<br>Christopher A. Wray, Director of the Federal Bureau of Investigation,<br><br>       Defendants. | **COMPLAINT**<br>**IN THE NATURE**<br>**OF MANDAMUS**<br><br>Case Number:<br><br>**23-683**<br><br>Administrative File Nos.:<br><br>SRC2012950178<br>A 202022352<br>A 216836330 |

**COMPLAINT IN THE NATURE OF MANDAMUS**

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361, for declaratory and mandamus relief, specifically for an order to compel an officer or employee of the United States to perform a duty owed to Plaintiff.

## PARTIES

2. Plaintiff, Jianfeng Ding, is an asylee who has filed Form I-730, Refugee/Asylee Relative Petition (the "Petition"), with U.S. Citizenship and Immigration Services ("USCIS") in order that her son, Wenbin Chen, may follow to join her in the United States.

3. Defendant Alejandro N. Mayorkas is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), the federal executive department that oversees USCIS. As such, he is charged with the administration of USCIS, and executing the pertinent immigration laws and regulations of the United States.

4. Defendant Ur M. Jaddou is sued in her official capacity as Director of USCIS. As such, she is charged with the duty of overseeing the various districts and service centers of USCIS, and executing the pertinent immigration laws and regulations of the United States.

5. Defendant Gregory A. Richardson is sued in his official capacity as Director of the USCIS Texas Service Center. As such, she is charged with the duty of the administration of all the functions, powers, and duties of that office.

6. Defendant Christopher A. Wray is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"). The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits.

## **JURISDICTION AND VENUE**

7. Jurisdiction is proper in this Court pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.*; the Mandamus Act, 28 U.S.C. § 1361; and 28 U.S.C. § 1331.

8. Venue is proper as Plaintiff resides in New York County, New York, which is within the territorial jurisdiction of this Court.

## **CLAIM FOR RELIEF**

9. Plaintiff was granted asylum by an immigration judge on February 20, 2020. *See* Exh. A.

10. Plaintiff subsequently filed the Petition with USCIS on February 25, 2020. *See* Exh. B.

11. On July 8, 2022, USCIS notified that it had transferred the Petition to its Texas Service Center. *Id.*

12. As of the date of this complaint, the USCIS case status website for the Petition reflects that this transfer was the last action taken in the case. *See* Exh. C.

13. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

14. Notwithstanding Congressional directives, the USCIS case processing times website currently indicates that Forms I-730 are taking roughly "22.5 months" to process. Exh. D.

15. As of this writing, the Petitions have been pending for 1,066 days, or approximately 35 months. This is nearly six times the duration contemplated by Congress, and half again as long as the published USCIS estimate, and reflects an unreasonable delay.

16. Plaintiff has no administrative remedy available to resolve the unreasonable delay.

17. As a result of Defendants' unreasonable delay in processing the Application, Plaintiff's separation from her son has been needlessly prolonged. This constitutes a cognizable injury in fact.

18. The Petition was filed with all required forms and documentation and Defendants have sufficient information to adjudicate the Petition. This Court therefore has the ability to redress Plaintiff's injury by ordering USCIS to timely adjudicate the Petitions.

19. Plaintiff submits that Defendants must be ordered to process the Petition within a reasonable time per the relevant statute as well as published USCIS processing times.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order:

a. COMPELLING Defendants to perform their duty to process and adjudicate the Petition within a reasonable period of time;

b. AWARDING attorney fees and costs to Plaintiff; and

c. GRANTING any other and further relief that the Court deems just and proper.

Dated: January 26, 2023
New York, New York

/s/ Yevgeny Samokhleb
Yevgeny Samokhleb, Esq.
299 Broadway, Suite 1005
New York, NY 10007
Tel: (212) 219-2297
Fax: (212) 966-6683`